## STATE OF CONNECTICUT *v.* AYANNA KHADIJAH (SC 17801)

Katz, Palmer, Vertefeuille, Zarella and Schaller, Js.

Argued October 25—officially released November 20, 2007

---

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Suzanne M. Vieux*, assistant state's attorney, for the appellant (state).

*Mary Anne Royle*, special public defender, for the appellee (defendant).

*Opinion*

PER CURIAM. The state appeals, following our grant of its petition for certification,[1] from the judgment of the Appellate Court reversing the judgment of conviction, rendered after a jury trial, of the defendant, Ayanna Khadijah, of failure to appear in the first degree in violation of General Statutes § 53a-172 (a) (1).[2] *State* v.

---

[1] We granted the state's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the evidence adduced at trial was insufficient to convict the defendant of failure to appear in violation of General Statutes § 53a-172 (a) (1)?" *State* v. *Khadijah*, 281 Conn. 901, 916 A.2d 46 (2007).

[2] General Statutes § 53a-172 (a) provides in relevant part: "A person is guilty of failure to appear in the first degree when (1) while charged with the commission of a felony and while out on bail or released under other procedure of law, he wilfully fails to appear when legally called according to the terms of his bail bond or promise to appear . . . ."

*Khadijah*, 98 Conn. App. 409, 909 A.2d 65 (2006). On appeal, the state claims that the Appellate Court improperly concluded that, based on the facts of this case, there was insufficient evidence from which the jury could have concluded beyond a reasonable doubt that one of the elements of § 53a-172 (a) (1), namely, "wilfully fails to appear," was proven. See id., 419.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.