STATE OF CONNECTICUT *v.*
THOMAS J. GOODSPEED
(AC 27868)

Flynn, C. J., and Lavine and Beach, Js.

---

Argued February 25—officially released May 13, 2008

*Jodi Zils Gagne*, special public defender, with whom, on the brief, was *Jane E. Carroll*, special public defender, for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III,* state's attorney, and *David R. Shannon,* senior assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, C. J. The principal issue to be decided in this appeal is whether there was sufficient evidence to support the judgment of conviction of the defendant, Thomas J. Goodspeed, rendered following a trial to the court, of two counts of evasion of responsibility in the operation of a motor vehicle in violation of General Statutes § 14-224 (b). Construing the evidence in a light most favorable to sustaining the verdict, we conclude that the court reasonably could have found that the cumulative effect of the evidence, namely, the facts established at trial and the reasonable inferences drawn therefrom, was sufficient to establish that the defendant was guilty beyond a reasonable doubt. Accordingly, we affirm the judgment of the trial court.

The following facts, as found by the trial court,[1] and procedural history are relevant to our resolution of the defendant's claim. On the evening of March 5, 2005, at approximately 11:50 p.m., the defendant was driving his motor vehicle on Mountainville Road in Danbury, which is close to the town line of Bethel, with Robert Rustigan and Stephen Schofield as his passengers. The defendant lost control of his vehicle, and the vehicle left the roadway, struck a telephone pole, causing the pole to lean dangerously low to the ground, and landed on its side in an embankment. The defendant, Schofield and Rustigan then exited the motor vehicle. Thereafter, the defendant and Schofield ran into a wooded area, leaving Rustigan, who was injured, at the accident scene.

---

[1] The court's detailed findings were made in response to an articulation ordered by this court.

A few moments later, a woman came upon the accident scene. After observing Rustigan, who was bleeding, crawl out of the wooded area, the woman telephoned 911 and reported the motor vehicle accident. Officer Jason Broad of the Bethel police department responded to the scene, and, upon his arrival, he observed a vehicle resting on its passenger side in the embankment and Rustigan sitting on a curb. According to Broad, Rustigan was disheveled and bleeding. Broad questioned Rustigan about the incident, and Rustigan informed him that two other people had been in the motor vehicle. Rustigan also told Broad that he did not know where the defendant and Schofield had gone.

Adjacent to the motor vehicle, Broad observed fresh footprints in the snow, along with some blood, that led in an easterly direction into the wooded area and away from the houses located near the accident scene. Broad followed the footprints into the wooded area for approximately 300 yards until he reached a creek. At that point, Broad decided not to cross the creek and ceased following the footprints, which continued into the wooded area on the other side of the creek. Broad then returned to the scene of the accident.

Officer Patricia Colla of the Danbury police department also responded to the accident scene and noticed the telephone pole that the defendant's vehicle had struck and damaged. According to Colla's testimony, the telephone pole was leaning dangerously low to the ground in such a way that the wires could be brought down by a passing vehicle. Colla further testified that there is a wooded area to the east of the accident scene and that houses are located to the west and across the street from scene of the accident. Colla indicated that Rustigan, who was injured and appeared to be disoriented and dazed, was transported to a hospital. The medical records of Rustigan also indicate that he was injured, bleeding and intoxicated.

At the hospital, Colla questioned Rustigan, and he provided Colla with several possible locations for the defendant, one of which was Schofield's home. Officer Augusto Lowe of the Danbury police department located the defendant and Schofield at Schofield's house at approximately 1:30 a.m. on March 6, 2005, one and one-half hours after the accident. The defendant subsequently was arrested and charged in a long form information with two counts of evasion of responsibility in the operation of a motor vehicle. The first count related to the physical injury to Rustigan caused by the accident, and the second count concerned the property damage to the telephone pole, which also resulted from the accident.

At trial, Schofield testified that after everyone had exited the motor vehicle, he and the defendant waited at the vehicle for a short period of time before running into the wooded area. Schofield acknowledged that there are houses in the immediate vicinity of the accident and also that, by traveling through the wooded area, he and the defendant went in a direction opposite from that of Schofield's house. Nevertheless, Schofield stated that he and the defendant ran into the wooded area because they were scared and did not know what to do. After running through the wooded area, the defendant and Schofield came to a road, on which they traveled to get to Schofield's house. As they traveled on the road to Schofield's house, Schofield and the defendant passed approximately ten houses; however, they did not stop at any of the houses to contact the police or to seek assistance. When Schofield and the defendant arrived at Schofield's house, the defendant went into the bathroom and Schofield went to bed. Schofield also testified that neither he nor the defendant contacted the police upon their arrival at the house.

The defendant and Rustigan both testified that after the accident, the defendant had told Rustigan that he

was going for help. Rustigan acknowledged, however, that he did not tell the police officers that the defendant had left him at the accident scene to get help. The defendant also testified that he did not contact the police from the nearby houses because he felt "uncomfortable stopping at somebody's house at that time of night" and "felt more comfortable" going to Schofield's house.

On March 29, 2006, the court rendered judgment finding the defendant guilty of two counts of evasion of responsibility in the operation of a motor vehicle. The court concluded that "[b]ased on the credible facts, and circumstances presented . . . [the defendant] was [knowingly] involved in a motor vehicle accident on March 5, 2005, at 11:50 p.m. . . which resulted in physical injury to another person and damage to property. The defendant failed to stop and offer what assistance may have been needed as required by General Statutes § 14-224 (b)." The court merged the conviction on the two counts for sentencing and sentenced the defendant to nine months imprisonment, execution suspended, and one year of probation with special conditions. This appeal followed.

On appeal, the defendant claims that there was insufficient evidence to support the court's conclusion that he was guilty of evasion of responsibility in the operation of a motor vehicle because the state did not prove that he had failed to stop and render assistance.[2] We disagree.

We begin by setting forth the applicable standard of review. "In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most

---

[2] We note that at the conclusion of the state's case, the defendant moved for a judgment of acquittal on both counts, which was denied.

favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"We note that the [finder of fact] must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the [finder of fact] to conclude that a basic fact or an inferred fact is true, the [finder of fact] is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . .

"Moreover, it does not diminish the probative force of the evidence that it consists, in whole or in part, of evidence that is circumstantial rather than direct. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . . In evaluating evidence, the [finder] of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The [finder of fact] may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . .

"Finally, [a]s we have often noted, proof beyond a reasonable doubt does not mean proof beyond all possible doubt . . . nor does proof beyond a reasonable doubt require acceptance of every hypothesis of innocence posed by the defendant that, had it been found

credible by the [finder of fact], would have resulted in an acquittal. . . . On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the [finder of fact's] verdict of guilty." (Internal quotation marks omitted.) *State* v. *Lopez*, 280 Conn. 779, 808–809, 911 A.2d 1099 (2007).

"Our review of factual determinations is limited to whether those findings are clearly erroneous. . . . We must defer to the [finder] of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *State* v. *Osoria*, 86 Conn. App. 507, 515, 861 A.2d 1207 (2004), cert. denied, 273 Conn. 910, 870 A.2d 1082 (2005).

The defendant was convicted of violating § 14-224 (b),[3] which provides in relevant part: "Each person operating a motor vehicle who is knowingly involved in an accident which causes physical injury, as defined in section 53a-3, to any other person or injury or damage

[3] General Statutes § 14-224 (b) provides: "Each person operating a motor vehicle who is knowingly involved in an accident which causes physical injury, as defined in section 53a-3, to any other person or injury or damage to property shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license number and registration number to the person injured or to the owner of the injured or damaged property, or to any officer or witness to the physical injury to person or injury or damage to property, and if such operator of the motor vehicle causing the physical injury of any person or injury or damage to any property is unable to give his name, address and operator's license number and registration number to the person injured or the owner of the property injured or damaged, or to any witness or officer, for any reason or cause, such operator shall immediately report such physical injury of any person or injury or damage to property to a police officer, a constable, a state police officer or an inspector of motor vehicles or at the nearest police precinct or station, and shall state in such report the location and circumstances of the accident causing the physical injury of any person or the injury or damage to property and his name, address, operator's license number and registration number."

to property shall at once stop and render such assistance as may be needed . . . ." General Statutes § 14-224 (b). In construing subsection (a) of § 14-224, a panel of this court in *State* v. *Rosario*, 81 Conn. App. 621, 634, 841 A.2d 254, cert. denied, 268 Conn. 923, 848 A.2d 473 (2004), set forth the elements that the state is required to prove beyond a reasonable doubt in order to convict a defendant of evasion of responsibility in the operation of the motor vehicle. Because subsection (b) is substantially similar to subsection (a) of § 14-224,[4] we find instructive and useful this court's articulation in *Rosario* of the essential elements of evasion of responsibility in the operation of a motor vehicle.

To establish a violation of § 14-224 (b), the state first had to prove that (1) the defendant was operating a motor vehicle, (2) the defendant was knowingly involved in an accident and (3) the accident caused physical injury to any other person or damage to property. Id. Once those predicate elements were established, the state could prove a violation of § 14-224 (b) if it proved that the defendant failed to fulfill any one or more of the following duties required of him under the statute: (4) that the defendant failed to stop at once and render such assistance as may have been needed; or (5) unless there was evidence that the defendant was unable, for any reason or cause, to provide the statutorily required information at the scene, that the defendant failed to give his name, address, operator's license number and registration number to the person injured or to the owner of the damaged property, or to any officer or witness to the accident; or (6) if there was evidence that the defendant was unable, for any

---

[4] Subsections (a) and (b) of § 14-224 differ in that subsection (a) involves situations in which the accident causes death or serious physical injury. In contrast, subsection (b) of § 14-224 concerns situations where the accident causes "physical injury, as defined in [General Statutes §] 53a-3, to any other person or injury or damage to property . . . ." General Statutes § 14-224 (b).

reason or cause, to provide the statutorily required information at the scene, that the defendant failed to report immediately the physical injury or property damage to a police officer, a constable, a state police officer or an inspector of motor vehicles or at the nearest police precinct or station, and to give his name, address, operator's license number and registration number together with the location and circumstances of the accident causing the physical injury or property damage. Id.; see also General Statutes § 14-224 (b). In the present case, the defendant does not dispute that the state proved the predicate elements of § 14-224 (b). Rather, with respect to both counts, the defendant contends that the state presented insufficient evidence to establish the fourth element of the charged offenses, namely, that he failed to stop and render such assistance as needed.

Regarding the first count, the defendant contends that the evidence demonstrated that he *did* stop and *did* provide the necessary assistance. The defendant argues that, by helping Rustigan exit the motor vehicle, he rendered assistance in compliance with § 14-224 (b). According to the defendant, he was not required to provide further assistance because Rustigan sustained only minor injuries to his fingers, and, moreover, the injuries did not incapacitate Rustigan, nor did they require immediate medical attention. In addition, the defendant claims that, in leaving Rustigan at the accident scene in order to summon help, he was providing assistance. With respect to the second count, the defendant argues that he left the accident scene to summon help, and, thus, he was providing assistance. The defendant further argues that the court unreasonably concluded that he failed to render assistance as needed regarding the damaged telephone pole because "[t]here was no assistance that [he] could have safely provided

. . . ." We are not persuaded by any of the defendant's arguments.

We first address the defendant's contention that he complied with the statutory requirement of rendering assistance by helping Rustigan, who the defendant claims had only minor injuries that did not require immediate medical attention, exit the motor vehicle. The defendant, to support his argument that he was not required to provide further assistance, attempts to minimize the injuries sustained by Rustigan. We disagree with the defendant's characterization and, furthermore, are guided by *State* v. *Rosario*, supra, 81 Conn. App. 632 n.9., in which this court stated that a defendant "cannot avoid his obligations under § 14-224 by engaging in post hoc speculation as to whether his assistance would have been necessary."

In addition, the defendant's argument ignores the evidence that Rustigan, who was injured, disoriented and bleeding, required further assistance, which the defendant failed to provide when he ran into the wooded area, away from the accident scene and in a direction opposite from that of Schofield's house. As the trier of fact, the court found that the defendant, in failing to contact the police or other emergency personnel at the nearby houses or upon arriving at Schofield's house, did not render the assistance needed by Rustigan, who was injured, bleeding and intoxicated. At trial, Rustigan testified that he followed Scofield and the defendant into the wooded area for a short distance before deciding to return to the accident scene. Rustigan, however, stated that it took him approximately five minutes to determine in which direction he should travel to locate the road. The evidence adduced at trial also indicated that the woman who reported the accident had observed a bleeding man, later identified as Rustigan, crawl out of the wooded area. Further, the testimony of the responding officers indicated that Rustigan was

injured, bleeding, dazed and disoriented. The court reasonably could have concluded that in light of Rustigan's condition, the defendant, by not contacting the police and by running into the wooded area away from the accident scene, failed to provide such assistance as needed.

The defendant further argues that, with respect to the damaged telephone pole, the court reasonably could not have concluded that he left an unsafe roadway condition without rendering any assistance. In support of his claim, the defendant asserts that there was no assistance that he could have provided safely concerning the pole, which was leaning dangerously low to the ground with dangling wires. Contrary to the defendant's argument, he was not required to put himself in harm's way to comply with the statutory mandate of providing such assistance as may have been needed. Our review of the record persuades us that the court reasonably could have concluded that assistance was needed and that the defendant safely could have provided assistance by either contacting the police or other emergency personnel or by alerting other motorists, who might have passed by, of the unsafe roadway condition from a position on the side of the road.

According to the defendant, the evidence was insufficient to establish that he failed to stop and render assistance as needed because he left the accident scene, including the injured Rustigan and the damaged telephone pole with the dangerously low dangling wires, to summon help. The court, however, did not find credible the defendant's testimony that he was trying to summon help and, therefore, concluded that the defendant failed to provide such assistance as may have been needed. "In conducting our review, we are mindful that the finding of facts, the gauging of witness credibility and the choosing among competing inferences are functions within the exclusive province of the [finder of fact], and, therefore, we must afford those determinations great deference." (Internal quotation marks omit-

ted.) *State* v. *Nelson*, 105 Conn. App. 393, 399, 937 A.2d 1249, cert. denied, 286 Conn. 913, 944 A.2d 983 (2008). "The [finder of fact] can . . . decide what—all, none or some—of a witness' testimony to accept or reject." (Internal quotation marks omitted.) *State* v. *Salmon*, 66 Conn. App. 131, 145, 783 A.2d 1193 (2001), cert. denied, 259 Conn. 908, 789 A.2d 997 (2002).

In reaching its conclusion, the court, as it was free to do, disbelieved the defendant and, thus, rejected his alternative factual scenario. The court based its credibility determination, in part, on its factual findings that the defendant, in running away from the accident scene and into the wooded area, traveled in a direction that was opposite from that of Schofield's house. The court further found that the defendant did not seek assistance from the occupants of the houses that were in the vicinity of the accident scene or from the approximately ten houses that were on the road to Schofield's house. The court also found that, upon arriving at Schofield's house, the defendant failed to contact the police or other emergency personnel and, instead, entered the bathroom. One and one-half hours later, the defendant still had not called the police. On the basis of these facts, the court reasonably inferred that the defendant's "intention was not to summon help, but rather to escape detection." After reviewing the evidence in the light most favorable to sustaining the finding of guilt, we conclude that the court's findings of fact were not clearly erroneous and the court reasonably could have found that the defendant, in not contacting the police, failed to render such assistance as may have been needed.

Accordingly, we conclude that the evidence presented by the state was sufficient to support the defendant's conviction of evasion of responsibility in the operation of a motor vehicle in violation of § 14-224 (b).

The judgment is affirmed.

In this opinion the other judges concurred.